# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HOMEOWNER ASSOCIATION SERVICES, INC.,

    Plaintiff,

v.

KENNETH STEBBING AND IRIS STEBBING, *et al*.,

    Defendants.

Case No. 2:15-CV-00966-KJD-PAL

**ORDER**

Presently before the Court is Defendant Bank of America, N.A.'s Motion to Join a Necessary Party under FRCP 19 (#12). Plaintiff filed a response in opposition (#14) to which Defendant replied (#28/31). Also before the Court is Plaintiff's Motion to Substitute Party and to Allow Service by Publication (#19). Though the time for doing so has passed, no response in opposition has been filed.

<u>I. Background</u>

In 2006, borrowers Kenneth and Iris Stebbing refinanced their property with a loan from BANA in the amount of $100,000.00. The loan was secured with a deed of trust recorded on August 28, 2006. A year later, the loan was increased to $154,000.00 with a modification of security instrument recorded on November 19, 2007. In 2013, the borrowers became delinquent on their

HOA obligations and in March 2015, the HOA sold the property at a public auction to Vegas Property Services, Inc. for $27,500.00. A foreclosure deed upon sale was recorded on April 13, 2015.

Homeowner Association Services, Inc. filed this interpleader action on April 9, 2015 seeking declaratory relief as to the priority of claims of excess proceeds of the foreclosure sale. Vegas Property Services is not party to this case. Defendant Bank of America then filed this motion seeking to join Vegas Property Services, Inc. as an indispensable party. Plaintiff has also filed a motion seeking to substitute the heirs of Kenneth and Iris Stebbing, deceased, and to allow service of the heirs by publication.

II. Motion to Join Necessary Party

Defendant Bank of America seeks to join the third party purchaser, Vegas Property Services, Inc. ("Vegas Property"), as a necessary party under Federal Rule of Civil Procedure 19. Bank of America argues that Vegas Property is an indispensable party, because it cannot determine whether it has a claim to the excess sale proceeds without a ruling of whether the HOA's sale extinguished Bank of America's deed of trust.[1] Alternatively, Bank of America argues that the complaint should be dismissed for failure to join a necessary party either under Rule 12(b)(7) or if "the Court finds that Vegas Property Services is more appropriately treated as a defendant" then under Rule 12(b)(6).

However, the Court disagrees. Bank of America has not met its burden in establishing that Vegas Property is a necessary party. See Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861 (9th Cir. 2004). Here, in the face of contrary statutory language and a contrary holding of the Nevada Supreme Court, Bank of America argues that its security interest was not extinguished by the HOA foreclosure sale. Bank of America has offered no argument or facts from which the Court could conclude that the rights and interests of Vegas Property would be impaired. In other words, Bank of America has demonstrated no authority or facts which, if the Court construed them in a light most favorable to Bank of America, would result in Bank of America maintaining its

---

[1] It is almost certain that the HOA sale extinguished Bank of America's interest. See NRS 116.3116(2); SFR INVESTMENTS POOL 1, LLC v. U.S. Bank, N.A., 334 P.3d 408, 419 (Nev. 2014).

2

first security interest. Vegas Property claims no interest in the proceeds of the foreclosure sale. Essentially, Bank of America argues that the Court should compel Vegas Property to appear as a Plaintiff and prosecute a quiet title action. Certainly, Vegas Property, claiming no interest in the proceeds, would not make a proper defendant in an interpleader action.  Therefore, the Court finds that Vegas Property is not a necessary party and denies Bank of America's motion. Should Bank of America wish to prosecute a quiet title action, or the appropriate equivalent, it should use the normal process of filing a complaint in the appropriate venue and serve Vegas Property with the summons and complaint.

III.  Motion to Substitute and Serve

Plaintiff has made the necessary showing for an order substituting the unknown heirs of Kenneth A. Stebbing and Iris Stebbing for the interests of Kenneth A. Stebbing and Iris Stebbing. Further, good cause being found the Court grants the motion to serve the unknown heirs by publication.

IV.  Conclusion

Accordingly, Defendant Bank of America, N.A.'s Motion to Join a Necessary Party under FRCP 19 (#12) is **DENIED**;

IT IS FURTHER ORDERED that  Plaintiff's Motion to Substitute Party and to Allow Service by Publication (#19) is **GRANTED**.

DATED this 28th day of October 2015.

_____
Kent J. Dawson
United States District Judge