# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HOMEOWNER ASSOCIATION SERVICES, INC.,

    Plaintiff,

v.

KENNETH A. STEBBING, *et al*.,

    Defendants.

Case No. 2:15-CV-0966-KJD-PAL

**ORDER**

    Presently before the Court is Claimant United States' Motion for Distribution of Interplead Fund (#46). Claimant Republic Silver State Disposal, Inc. d/b/a Republic Services ("Republic Services") filed a response in opposition (#46) to which the United States replied (#53). Also before the Court is Republic Services' Motion for Distribution (#44).[1]

I. Background

    On or about April 13, 2015, foreclosure sale was conducted on property located at 354 Greenbriar Townhouse Way, Las Vegas, NV 89121, that was titled in the name of Kenneth Stebbing. The sale produced excess funds of $19,090.99. On April 9, 2015, Plaintiff initiated this action for

---

[1] The motion to distribute was filed jointly with Republic Services' response to Plaintiff's Motion for Summary Judgment Granting Interpleader Relief (#41). Since Republic Services' filing contained two documents, a response and a motion, which should have been docketed as two separate entries, but were docketed only as a response.

interpleader relief seeking deposit of the funds in the registry of the Court. Interpleader was granted, the funds were deposited and two claimants remained.

Defendant Kenneth Stebbing died on or about August 4, 2012. At that time he owed a tax debt assessed on August 2, 2010 in the amount of $24,339.00. Notice of Federal Tax Lien was recorded with the Clark County Recorder on February 14, 2013. The outstanding balance as of January 29, 2016 was $28,167.33. Republic Services claims approximately $1,582.83.[2]

II. Analysis

Republic Services claims that its lien under NRS 444.520 acts as a super priority lien over any other lien. However, federal law governs the relative priority of a federal tax lien. See United States v. Equitable Life Assurance Soc'y, 384 U.S. 323, 330 (1966). Priority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.'" United States v. McDermott, 507 U.S. 447, 449 (1993)(quoting United States v. New Britain, 347 U.S. 81, 85 (1954)). Here, the federal tax lien attached when the assessment for the unpaid tax was made on August 2, 2010. Therefore, the federal tax lien has priority to the interplead fund.

Republic Services asserts that its lien has a mechanic's lien status. In certain circumstances, when an entity achieves the status of "purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor" the IRS federal tax lien will not have priority, unless the IRS has filed notice of its lien. See 26 U.S.C. § 6323 (a), (f); Slodov v. United States, 436 U.S. 238, 256-57 (1978)("the [Internal Revenue] Code specifically subordinates tax liens to the interests of certain others in the property, generally including those with a perfected security interest in the property"). However, the sentence relied upon by Republic Services, "[t]he lien may be foreclosed in the same manner provided for the foreclosure of mechanic's liens", only refers to the process of foreclosing the lien,

---

[2] The Court cannot find in the pleadings any specific amount actually claimed by Republic Services. Attached to its response to the motion for interpleader is an unauthenticated accounts receivable statement in Kenneth Stebbing's name and about six (6) Notice of Claim of Liens totaling about $1,500.00. However, the Court notes at his death Stebbing's account was current. Further, the account statement includes charges to Stebbing after the date of the foreclosure in April 2015. The last attached Notice of Claim was recorded on September 23, 2015, also after the foreclosure.

2

not the priority afforded to it. Nev. Rev. St. § 444.520(3). Further, even if it was a "mechanic's lien" as enumerated in 26 U.S.C. § 6323(a), the federal tax lien would still have priority as the Notice of Federal Tax Lien was recorded on February 14, 2013, before Republic Services' lien recorded on March 8, 2013.  See Nev. Rev. St. § 444.520(4)(c)(a lien is not effective until notice of the lien is recorded by the county recorder). Finally, even if Republic Services' lien had priority, it has failed to meet its burden in establishing the amount that should attach to the proceeds from the foreclosure sale interplead with the Court. Accordingly, the Court grants the United States' motion to disburse and denies Republic Services' motion.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Claimant United States' Motion for Distribution of Interplead Fund (#46) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for the United States and against all other defendants;

IT IS FURTHER ORDERED that the Clerk of the Court distribute the entire amount deposited, $19,090.79, to the United States.

DATED this 29th day of September 2016.

_____
Kent J. Dawson
United States District Judge